# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| OLUWAFEMI BABAYEMI, JOSEPH ADENIYI, DAMLIARE EHINOLA, ABIOLA OLADEJI KOSILE, OLAWALE KEHINDE, SAMANTHA JOHNSON and OLUWAFEMI ADELANWA on behalf of themselves and all others similarly situated, | CIVIL ACTION NO: _____ |
| Plaintiffs, | |
| v. | |
| NOW COURIER, INC. | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. This is an action brought on behalf of individuals who are current and former delivery drivers of Defendant NOW Courier, Inc. ("NOW" or "Defendant"), challenging the unlawful misclassification of them as independent contractors instead of employees. NOW contracts with various companies to perform their "last mile" delivery of pharmaceuticals, other medical products, financial documents, office supplies, and various other products across the Midwest. NOW controls, supervises, and directs the manner in which its delivery drivers perform these services. The driver's last mile delivery services are integral and central to NOW's delivery business. Moreover, the delivery drivers are economically dependent on NOW to assign deliveries and drivers do not operate independently established delivery businesses.

2. The above-named Plaintiffs asserts claims under the Indiana wage laws, and the federal Fair Labor Standards Act ("FLSA"), on behalf of themselves and all others similarly

situated who have performed pharmaceutical and other product deliveries for Defendant and who were misclassified as independent contractors instead of employee, seeking remedies for statutory violations resulting from this misclassification.

3. Plaintiffs seek to represent a class of all delivery drivers who performed work for NOW in Indiana within the past 3 years.

**PARTIES**

4. Plaintiff Oluwafemi Babayemi is an adult resident of Indianapolis, Indiana. From approximately August 2019 to approximately April 2021, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from NOW. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Oluwafemi Babayemi's Notice of Consent is attached as **Exhibit A.**

5. Plaintiff Joseph Adeniyi is an adult resident of Houston, Texas. From approximately November 2015 to approximately February 2020, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Joseph Adeniyi's Notice of Consent is attached as **Exhibit B.**

6. Plaintiff Damliare Ehinola is an adult resident of Fishers, Indiana. From approximately 2017 to approximately December 2021, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from NOW. During the relevant time, Plaintiff was Defendant's employee as that term

is defined in the Indiana wage laws and the FLSA. Plaintiff Damliare Ehinola's Notice of Consent is attached as **Exhibit C.**

7. Plaintiff Abiola Oladeji Kosile is an adult resident of Indianapolis, Indiana. From approximately November 2014 to approximately August 2021, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from NOW. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Abiola Oladeji Kosile's Notice of Consent is attached as **Exhibit D.**

8. Plaintiff Olawale Kehinde is an adult resident of Plainfield, Indiana. From approximately 2018 to approximately January 2021, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from NOW. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Olawale Kehinde's Notice of Consent is attached as **Exhibit E.**

9. Plaintiff Samantha Johnson is an adult resident of South Bend, Indiana. From approximately March 2019 to approximately February 2020, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from NOW. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Samantha Johnson's Notice of Consent is attached as **Exhibit F.**

10. Plaintiff Oluwafemi Adelanwa is an adult resident of Brownsburg, Indiana. From approximately 2017 to approximately 2020, Plaintiff delivered pharmaceutical and medical products on behalf of and at the direction of NOW in Indiana. Plaintiff voluntarily resigned from

NOW. During the relevant time, Plaintiff was Defendant's employee as that term is defined in the Indiana wage laws and the FLSA. Plaintiff Oluwafemi Adelanwa's Notice of Consent is attached as **Exhibit G.**

11. Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals in the states in which NOW operates (excluding states in which there is already an action pending asserting these same wage claims), as well as on behalf of a proposed Rule 23 classes of NOW pharmaceutical and medical product delivery drivers in Indiana.

12. Defendant NOW Courier, Inc. is a corporate entity, organized in Indiana, with its headquarters (principal place of business) in Indianapolis, Indiana. Defendant NOW conducts its delivery business throughout the Midwestern United States.

13. Defendant states on its website that "Healthcare leaders choose NOW Courier to enhance their patient experience. Hospitals, healthcare systems, and pharmacies throughout the Midwest turn to [NOW] for a last-mile experience that meets and exceeds what their patients and customers expect."

14. NOW is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and NOW is an "employer" as that term is defined in the FLSA and Indiana wage laws.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

16. The Court also has jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and the state law claims pursuant to 28 U.S.C. § 1367.

17. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because Defendant resides in this District, a substantial part of the events giving rise to this action occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

**FACTS**

18. NOW is a company incorporated in Indiana with its principal place of business in Indiana.

19. NOW performs "final mile" or "last mile" delivery services of pharmaceuticals, medical products, financial documents, and other products throughout the Midwestern United States.

20. NOW advertises its services on its website as follows: "With 24/7/365 delivery capabilities, NOW is able to store, prep, and deliver your product anywhere, anytime. Over 35 years in business and more than 4 million delivers per year proves that NOW delivers, period."

21. In order to provide these services, NOW employs hundreds of delivery drivers like Plaintiffs and class members.

22. NOW has uniformly misclassified these delivery drivers as non-employee "independent contractors."

23. Under the federal Fair Labor Standards Act, and under Indiana law, NOW's delivery drivers are in fact employees as a matter of law.

24. For example, although the agreements with the drivers state that drivers are not employees of the Defendant, the economic reality of the arrangement is that drivers are actually employees of the Defendant.

25. The work of Plaintiffs and other delivery drivers falls squarely within NOW's usual course of business. Indeed, Plaintiffs and other delivery drivers are central to NOW's core business as a delivery company that provides delivery services.

26. Plaintiffs and other delivery drivers are not engaged in independently established trades, occupations, professions, or businesses. Rather, delivery drivers rely upon NOW to obtain delivery customers and assign deliveries.

27. NOW also controls the work performed by Plaintiffs and other delivery drivers by assigning the deliveries, scheduling the deliveries, monitoring their work and maintaining detailed records of each delivery performed, determining the delivery drivers' rate of pay, and retaining the authority to terminate any delivery drivers whose work is unsatisfactory.

28. NOW pays Plaintiffs and other delivery drivers a flat amount per route, per mile, or per delivery stop. All of these rates are unilaterally determined by NOW.

29. NOW deducts various amounts from the delivery drivers' weekly pay for business-related costs, including Cargo insurance, uniforms, and a required mobile device app, all of which were required in order to perform the job.

30. By misclassifying delivery drivers as independent contractors, NOW requires the drivers to bear the costs of performing delivery services, including, but not limited to, gasoline, tolls, vehicle maintenance and depreciation (as drivers were required to use their own vehicles), and insurance.

31. NOW did not reimburse Plaintiffs and other delivery drivers for incurring necessary expenditures or losses within the scope of their employment for NOW.

32. Plaintiffs and other delivery drivers typically work more than eight (8) hours per day from the time they arrive at the Defendant's and/or Defendant's clients' facilities until their route(s) servicing Defendant's clients is complete.

33. Plaintiffs and other delivery drivers work more than forty (40) hours per week because they routinely work shifts of eight (8) hours or more per day, five (5) to seven (7) days per week.

34. Plaintiff Babayemi worked approximately ten (10) hours per day and six (6) days per week.

35. Plaintiff Adeniyi worked between approximately ten (10) and twelve (12) hours per day and five (5) days per week.

36. Plaintiff Ehinola worked between approximately eight (8) and ten (10) hours per day and five (5) days per week.

37. Plaintiff Kosile worked approximately fourteen (14) hours or more per day and seven (7) days per week.

38. Plaintiff Kehinde worked approximately eleven (11) hours per day and five (5) days per week.

39. Plaintiff Johnson worked approximately eight (8) hours per day and five (5) days per week.

40. Plaintiff Adelanwa worked approximately ten (10) hours or more per day and at least five (5) days per week.

41. Plaintiffs and other delivery drivers frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by the FLSA and the laws of the various states in which they worked. For most drivers, in many or all weeks, the drivers'

substantial out-of-pocket, work-related expenses brings their compensation below the statutory minimum wage.

42. Defendant's misclassification of its delivery drivers as independent contractors and the additional violations described above were willful and undertaken in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals in the United States (excluding states in which there is already an action pending asserting these same wage claims).

44. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendant did not pay drivers at least the minimum wage for all hours worked and did not provide any overtime premium when delivery drivers worked more than forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves and other individuals who performed pharmaceutical and medical product deliveries in Indiana for Defendant or any of its related or predecessor companies in Indiana within the past three years.

46. Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 40 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiffs are class members, their claims are typical of the claims of other class

8

members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

(c) Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

(d) Questions of law and fact are common to all class members, because this action concerns Defendant's common business policies and practices, as summarized herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e) Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## FAIR LABOR STANDARDS ACT–FAILURE TO PAY MINIMUM WAGES
## INDIVIDUAL AND COLLECTIVE ACTION

47. Plaintiffs incorporate paragraphs 1-46 by reference herein.

48. After accounting for the expenses Plaintiff and the putative collective members paid that were necessary to perform their job, Defendant failed to pay Plaintiffs and the members of the putative collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a).

49. Defendant's conduct in failing to ensure that its delivery drivers across the country, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

50. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### COUNT II
### FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME WAGES
### INDIVIDUAL AND COLLECTIVE ACTION

51. Plaintiffs incorporate paragraphs 1-50 by reference herein.

52. Defendant failed to pay Plaintiffs and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

53. The failure of Defendant to compensate Plaintiffs and the members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

54. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### COUNT III
### INDIANA MINIMUM WAGE LAW–FAILURE TO PAY MINIMUM WAGES
### INDIVIDUAL AND CLASS ACTION

55. Plaintiffs incorporate paragraphs 1-54 by reference herein.

56. At all times relevant herein, Plaintiffs and the members of the proposed class were employed by Defendant as "employees" under Indiana Minimum Wage Law ("IMWL"), I.C. 22-2-2-3.

57. At all relevant times, Defendant was an "employer" under IMWL, I.C. 22-2-2-3.

58. After accounting for the expenses Plaintiff and the putative collective members paid that were necessary to perform their job, Defendant failed to pay Plaintiffs and the members of the putative class an hourly rate of at least the Indiana state minimum wage of $7.25 per hour

as required by the IMWL, I.C. 22-2-2-4.

59. Defendant's conduct in failing to ensure that its delivery drivers across the country, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

60. This claim is brought on behalf of all drivers who currently work for NOW in Indiana or worked for NOW in Indiana in the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

## COUNT IV
### INDIANA MINIMUM WAGE LAW–FAILURE TO PAY OVERTIME WAGES
### INDIVIDUAL AND CLASS ACTION

61. Plaintiffs incorporate paragraphs 1-60 by reference herein.

62. At all times relevant herein, Plaintiffs and the members of the proposed class were employed by Defendant as "employees" under Indiana Minimum Wage Law ("IMWL"), I.C. 22-2-2-3.

63. At all relevant times, Defendant was an "employer" under IMWL, I.C. 22-2-2-3.

64. Defendant failed to pay Plaintiffs and the members of the putative class at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours weekly as required by the IMWL, I.C. 22-2-2-4.

65. The failure of Defendant to compensate Plaintiffs and the members of the putative class for overtime work as required by the IMWL was knowing, willful, intentional, and done in bad faith.

66. This claim is brought on behalf of all drivers who currently work for NOW in Indiana or worked for NOW in Indiana in the last three years prior to the date of filing of this Complaint until

the date of judgment in this action.

## COUNT V
## INDIANA WAGE DEDUCTION STATUTE–UNLAWFUL DEDUCTIONS

67. Plaintiffs incorporate paragraphs 1-66 by reference herein.

68. Plaintiffs and the members of the proposed class are "employees" of Defendant as defined in the Indiana Wage Deduction Statute ("IWDS"), I.C. 22-2-6, and are not free from the control and direction of Defendant.

69. Defendant has unlawfully withheld monies from the compensation earned by Plaintiffs and the members of the proposed class, including but not limited to, the costs of business-related administrative fees and various business-related insurances, in violation of the IWDS, I.C. 22-2-6.

70. Plaintiff and the members of the proposed class have not expressly and freely given written consent to such deductions, and/or these deductions are not made in response to a valid wage assignment or deduction order.

71. This claim is brought on behalf of all drivers who currently work for NOW in Indiana or worked for NOW in Indiana in the last three years prior to the date of filing of this Complaint until the date of judgment in this action.

## COUNT VI
## INDIANA WAGE PAYMENT STATUTE–UNDERPAYMENT OF WAGES

72. Plaintiffs incorporate paragraphs 1-71 by reference herein.

73. At all relevant times, Plaintiffs and the members of the proposed class were "employees" of Defendant under the Indiana Wage Payment Statute ("IWPS").

74. At all relevant times, Defendant was an employer of Plaintiffs and the members of the proposed class under the IWPS.

75. Defendant has violated the IWPS, by misclassifying its drivers as independent contractors, and underpaying wages to them. Specifically, Defendant underpaid wages by among other ways: (a) failing to pay its drivers the minimum wage, and (b) keeping a portion of keeping a portion of the drivers wages to cover business expenses, including various administrative fees and insurances.

76. Defendant acted in bad faith by failing to pay Plaintiffs and the members of the proposed class all wages owed to them.

77. Pursuant to I.C. 22-2-5-2, Plaintiffs and the members of the proposed class are entitled to payment of all underpaid wages, illegally deducted wages, plus liquidated damages in an amount equal to double the amount of wages owed.

78. This claim is brought on behalf of all individuals who currently work as drivers in Indiana for NOW, or previously worked as drivers in Indiana for NOW and voluntarily separated, at any time between three (3) years prior to the filing of this lawsuit and the entry of judgment in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that the Court enter the following relief:

a. An order authorizing the sending of appropriate notice to current and former drivers of Defendant NOW who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff and the members of the collective of their rights to such compensation;

c. A declaratory judgment that the plaintiff and collective/class members are employees, not independent contractors under the FLSA, IMWL, IWDS, and IWPS;

d. Certification of a class pursuant to Fed. R. Civ. P. 23;

e. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiffs and members of the class are entitled;

f. An award of monetary damages to Plaintiffs and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g. An award of monetary damages to Plaintiffs and members of the class in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the IMWL;

h. An award of monetary damages to Plaintiffs and members of the class in the form of back pay for illegal deductions under the IWDS;

i. An award of monetary damages to Plaintiffs and members of the class in the form of back pay for unpaid wages, together with liquidated damages in an amount equal to double the unpaid wages under the IWPS;

j. Attorneys' fees and costs;

k. An award of prejudgment interest, if available; and

l. Such further relief as the Court deems just and proper.

Respectfully submitted,

OLUWAFEMI BABAYEMI, JOSEPH ADENIYI, DAMLIARE EHINOLA, ABIOLA OLADEJI KOSILE, OLAWALE KEHINDE, SAMANTHA JOHNSON, and OLUWAFEMI ADELANWA, individually and on behalf of all others similarly situated,

By their attorneys,

 s/ Anastasia Pavich
Anastasia Pavich (SBN 25373-45)
PAVICH LAW GROUP P.C.
30 W. Monroe St. Suite 1310
Chicago, IL 60603
Tel. (312) 690-8400
Email: apavich@pavichlawgroup.com

Bradley Manewith *pro hac vice anticipated*
Matthew Thomson *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000

Boston, MA 02116  
Tel. (617) 994-5800  
Fax (617) 993-5801  
Email:  bmanewith@llrlaw.com  
            mthomson@llrlaw.com

Dated:  February 28, 2023