UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OLUWAFEMI BABAYEMI, ET AL., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00353-JMS-TAB |
| | ) | |
| NOW COURIER, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

# ORDER

Plaintiffs, all current or former delivery drivers employed by Defendant NOW Courier, Inc. ("NOW"), initiated this litigation asserting various class and collective action claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Indiana wage and hour laws. [Filing No. 1.] NOW has filed a Notice of Related Cases and Motion to Transfer, in which it asks the Court to transfer this case to the Honorable Judge Sarah Evans Barker, who is presiding over a case that NOW argues is related to this case. [Filing No. 24.] The Motion to Transfer is now ripe for the Court's decision.

## I. BACKGROUND

### A. The Ogungbemi Lawsuit

On March 31, 2022, a group of Plaintiffs – none of whom are Plaintiffs in this case – filed a Complaint against NOW, Omnicare, Inc. ("Omnicare"), and Priority Dispatch, Inc. ("Priority"). [Filing No. 1 in *Tope Ogungbemi, et al. v. Omnicare, Inc., et al.*, No. 1:22-cv-00649-SEB-MKK

("the Ogungbemi Lawsuit").][1] Plaintiffs in the Ogungbemi Lawsuit are current and former delivery drivers for the Defendants in the Ogungbemi Lawsuit and allege that those entities misclassified them as independent contractors. [Filing No. 1 in the Ogungbemi Lawsuit.] They assert various individual and class claims under the FLSA and Indiana wage and hour laws for unpaid minimum wages, improper payroll deductions, and overtime violations, as well as a claim for unjust enrichment. [Filing No. 1 at 9-11.] On August 5, 2022, the parties to the Ogungbemi Lawsuit filed a Joint Stipulation to Dismiss Defendant NOW Courier, Inc., in which they stipulated to the dismissal of NOW from that case. [Filing No. 51 in the Ogungbemi Lawsuit.] The operative Fourth Amended Complaint, filed on September 21, 2022, is brought by 40 plaintiffs, only two of whom are Plaintiffs in this lawsuit ("the Overlapping Plaintiffs"), and adds Subcontracting Concepts, LLC ("Subcontracting") as a defendant. [Filing No. 71 in the Ogungbemi Lawsuit.]

**B.    This Lawsuit**

Plaintiffs filed their original Complaint in this case on February 28, 2023 and allege in the operative Amended Complaint that NOW misclassified them as independent contractors instead of employees. [Filing No. 1; Filing No. 18.] They seek to represent a class of all delivery drivers who performed work for NOW in Indiana within the past 3 years. [Filing No. 18 at 1-2.] Plaintiffs assert various individual, class, and collective action claims under the FLSA and Indiana wage and hour laws for failure to pay minimum wages, failure to pay overtime wages, unlawful deductions, and underpayment of wages. [Filing No. 18 at 9-13.]

---

[1] The lead plaintiff's last name appears in the case caption of the initial Complaint and on the Court's electronic filing system as "Ogungemi," but appears in subsequent filings as "Ogungbemi." [*Cf.* Filing No. 1 and Filing No. 2 in the Ogungbemi Lawsuit.] The Court uses the latter spelling in this Order, as the spelling in the case caption of the initial Complaint (and, consequently, the Court's electronic filing system) appears to be a typographical error.

### C.   The Motion to Transfer

On May 17, 2023, NOW filed its Motion to Transfer in which it requests that the Court "exercise its discretion under Local Civil Rule 40-1(e) and transfer this case" to the Honorable Sarah Evans Barker, who is presiding over the Ogungbemi Lawsuit. [Filing No. 24.] Plaintiffs oppose the Motion to Transfer. [Filing No. 30.]

## II.
## STANDARD OF REVIEW

NOW seeks transfer under Local Rule 40-1(e), which provides that "[w]hen the court determines that two cases are related, the case filed later may, in the court's discretion, be transferred to the judicial officer handling the earlier-filed case." Local Rule 40-1(d) provides that the parties must notify the Court of a related case when, among other circumstances not present here, the cases "arise out of the same transaction or occurrence."

## III.
## DISCUSSION

In its Motion to Transfer, NOW argues that this case and the Ogungbemi Lawsuit are related under Local Rule 40-1(d) because "certain parts of each case arise out of the same transactions and occurrences." [Filing No. 24 at 2.] It notes that the plaintiffs in both cases are delivery drivers who claim that the defendants in both cases misclassified them as independent contractors, in violation of the FLSA and Indiana wage and hour laws. [Filing No. 24 at 2.] NOW contends that it was originally a defendant in the Ogungbemi Lawsuit, that four of the Plaintiffs in this case have been plaintiffs in the Ogungbemi Lawsuit at various times, and that the Overlapping Plaintiffs remain plaintiffs in the Ogungbemi Lawsuit. [Filing No. 24 at 2.] NOW asserts that although it was dismissed without prejudice from the Ogungbemi Lawsuit, the Overlapping Plaintiffs "assert similar claims in both cases with respect to their alleged employment and during overlapping periods of time." [Filing No. 24 at 3.] NOW argues that it would be more efficient

for the same judicial officer to preside over both cases "because the overlapping nature of the claims and time periods in the two cases will present questions of equal importance to both cases." [Filing No. 24 at 4.] NOW points out that the Overlapping Plaintiffs claim they performed delivery work for NOW and for the Ogungbemi Lawsuit defendants during the same time periods, and that "[t]heir alleged ability to provide contract delivery driving services to different customers evidences a level of economic independence characteristic of an independent contractor." [Filing No. 24 at 4-5.]

In response, Plaintiffs argue that this case and the Ogungbemi Lawsuit do not arise from the same transaction or occurrence because the transaction at issue in this case is the Plaintiffs' and class members' delivery work for NOW and NOW's alleged failure to pay them properly, whereas the transaction at issue in the Ogungbemi Lawsuit is the work that a different group of plaintiffs and class members did for other entities who have no relationship to NOW. [Filing No. 30 at 3-4.] Plaintiffs assert that "[a]lthough there is overlap among [the Overlapping Plaintiffs], [NOW] has not cited to any authority holding that a plaintiff's employment claims against one employer arise out of the same 'transaction or occurrence' as his or her claims arising from a separate job." [Filing No. 30 at 4.] They argue that the fact that similar legal issues are involved in both cases does not warrant reassignment of this case, and that "there is no unique efficiency to be gained by relating the cases." [Filing No. 30 at 5.] Plaintiffs also note that the Ogungbemi Lawsuit may soon be resolved because there are motions pending in which the defendants request that a subset of plaintiffs be compelled to arbitrate their claims and that the remaining claims be dismissed on the merits. [Filing No. 30 at 2; Filing No. 30 at 5.] They assert that "[i]f Defendant's theory were taken to its logical conclusion, all FLSA cases pending in the Southern District could be considered related and reassigned to a single judge who could develop unique expertise in this area of the law;

4

however, this would undermine the purpose of the District's case-assignment system." [Filing No. 30 at 5.]

NOW argues in its reply that the Overlapping Plaintiffs "claim they worked for the defendants in both cases at the same time, sometimes for an improbable combined twenty hours each calendar day," and that this "suggests that this case and [the Ogungbemi Lawsuit] arise [out] of the same transaction or occurrence." [Filing No. 31 at 2.] NOW asserts that the pending Motion to Compel Arbitration in the Ogungbemi Lawsuit applies to only one of the Overlapping Plaintiff's claims, may not be granted and, even if it is, would result in a stay of the case and not dismissal. [Filing No. 31 at 3.] It notes that the other Overlapping Plaintiff's claims are only subject to a partial motion to dismiss, so that individual would still have active claims even if the motion is granted. [Filing No. 31 at 3.] NOW reiterates its arguments regarding the existence of overlapping issues. [Filing No. 31 at 3-4.]

In determining whether this case and the Ogungbemi Lawsuit arise out of the same transaction or occurrence such that transfer under Local Rule 40-1 is appropriate, the Court looks to the factors used when considering whether claims arise from the same transaction or occurrence under Federal Rule of Civil Procedure 20, relating to the severance and joinder of claims. In that context, courts consider "when the alleged conduct occurred, whether the same people were involved, whether the conduct was similar, and whether it implicated a system of decision-making or widely-held policy." *Martinez v. Haleas*, 2010 WL 1337555, at *3 (N.D. Ill. March 30, 2010).

The glaring problem with NOW's Motion to Transfer, which affects every factor in the analysis, is that NOW is not a party to the Ogungbemi Lawsuit. Consequently, the two lawsuits focus on different conduct that occurred at different times and involve different people, different decisions, and different policies. The fact that NOW was originally a defendant in the Ogungbemi Lawsuit is irrelevant – the Ogungbemi Lawsuit currently only involves claims against entities that

5

are not related in any way to NOW. NOW relies on the fact that the Overlapping Plaintiffs claim that they worked for NOW and some of the Ogungbemi Lawsuit defendants at the same time, and that evidence regarding that claim is relevant to whether they were independent contractors or NOW employees. But NOW can still introduce evidence in this case related to the Overlapping Plaintiffs' claim that they were working for other entities at the same time that they were working for NOW, whether or not the same judicial officer is presiding over both cases.

The determination of whether NOW violated the FLSA and Indiana wage and hour laws in its treatment of Plaintiffs simply has no relationship to whether the Ogungbemi Lawsuit defendants did the same to a different set of plaintiffs. Indeed, NOW has not pointed to any legal authority supporting the notion that lawsuits against different, unrelated parties regarding the internal procedures of those parties should be handled by the same judicial officer. Additionally, because this case and the Ogungbemi Lawsuit do not involve the same defendants, the Court does not recognize any judicial efficiencies in transferring this case to Judge Barker. Other than the Overlapping Plaintiffs, who are but two of the 40 plaintiffs in the Ogungbemi Lawsuit, the only other overlap between the two cases is that the same counsel represents NOW in this lawsuit and Priority in the Ogungbemi Lawsuit. But convenience to counsel certainly is not a reason to transfer this lawsuit to another judicial officer.

In short, the Court finds that this case does not arise out of the same transaction or occurrence as the Ogungbemi Lawsuit and, consequently, NOW's Motion to Transfer, [Filing No.

24], is **DENIED**.[2]

## IV.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** NOW's Motion to Transfer. [24.]

Date: 6/9/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[2] NOW does not ask the Court to consolidate this case with the Ogungbemi Lawsuit but, even if it had, the Court would find that consolidation is also not appropriate. Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the Court may…join for hearing or trial any or all matters at issue in the actions[,]…consolidate the actions[,] or…issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citation omitted). "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R. Co.*, 2009 WL 1657581, at *1 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970), and *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). Because NOW is the only Defendant in this case and is not a defendant in the Ogungbemi Lawsuit, and since this case focuses solely on NOW's handling of Plaintiffs' compensation, consolidation would not promote judicial efficiency and is not warranted.